IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

DAVIAN D. ARNOLD, et al.,

    Plaintiffs,

        v.

UR M. JADDOU, Director of U.S. Citizenship and Immigration Services, et al.,

    Defendants.

CIVIL ACTION FILE
NO. 1:24-CV-2339-TWT

### OPINION AND ORDER

This is a mandamus action. It is before the Court on the Defendants Ur M. Jaddou and Micah R. Brown's Motion to Dismiss [Doc. 6]. For the reasons set forth below, the Defendants' Motion to Dismiss [Doc. 6] is GRANTED.

In their Complaint, the Plaintiffs Davian D. Arnold and Adejoke M. Olaoare sought review of United States Customs and Immigration Services' ("USCIS") decisions denying their I-130 Petition for Alien Relative and I-485 Application to Register Permanent Residence. (Compl. ¶¶ 25-29, 34-48). The Plaintiffs contend that they never received a notice of intent to deny ("NOID") from USCIS before their petition and application were denied and were therefore unable to present any evidence rebutting USCIS's intended decision. (*Id.* ¶¶ 28-29). This failure, they allege, violated several clearly established regulations and is grounds for review by this Court under the Administrative Procedure Act. (*Id.* ¶¶ 30-48).

On October 25, 2024, the Defendants moved to dismiss this action as moot on the ground that USCIS had since reopened the Plaintiffs' I-130 petition and I-485 application, reissued the NOID and given the Plaintiffs' opportunity to respond, and issued a second denial. (Defs.' Mot. to Dismiss, at 5-9). In support, the Defendants attached copies of the notices of reopening that it sent to the Plaintiffs, along with an NOID dated July 22, 2024, and the second denial letters for both the petition and the application dated October 9, 2024. (Defs.' Mot. to Dismiss, Exs. 2-6). The Plaintiffs have not responded to the Motion to Dismiss or otherwise challenged the evidence the Defendants have presented, so the Court will consider the Motion unopposed. LR N.D.Ga. 7.1(B).

The Court finds this action to be moot. The Plaintiffs sought vacatur and review of USCIS's initial decisions on the basis that they never received the initial NOID, and the Defendants have remedied any error there may have been by reopening the proceedings, reissuing the NOID, and giving the Plaintiffs an opportunity to respond. Therefore, there is no longer a controversy left for the Court to decide. *Al Najjar v. Ashcroft*, 273 F.3d 1330, 1335-36 (11th Cir. 2001) ("[A]n action that is moot cannot be characterized as an active case or controversy . . . a case is moot when the issues presented are no longer 'live.'") (quotation marks, citations, and brackets omitted). And because mootness is jurisdictional, the case must be dismissed. *Id.* at 1336. Accordingly, the

Defendants' Motion to Dismiss [Doc. 6] is GRANTED. The Clerk is DIRECTED to enter judgment in favor of the Defendants and to close the case.

SO ORDERED, this __19th__ day of December, 2024.

                                                                                 THOMAS W. THRASH, JR.
                                                                                  United States District Judge